UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.   2:23-cv-10284-HDV-ADSx                                    Date: December 15, 2023

Title     *511 S Park View, Inc. v. Jennifer Vargas*

Present: The Honorable:     Hernán D. Vera, United States District Judge

| Wendy Hernandez | None. |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None. | None. |

**Proceedings:  EX PARTE APPLICATION FOR ORDER TO REMAND UNLAWFUL DETAINER TO STATE COURT [DKT. NO. 7]**

Plaintiff 511 S Park View, Inc. brought an unlawful detainer action against Defendant Jennifer Vargas in the Los Angeles County Superior Court on September 19, 2023 ("Complaint") [Dkt. No. 1 at 11].  Defendant then filed a Notice of Removal in this Court on December 7, 2023 [Dkt. No. 1].  On December 13, 2023, Plaintiffs filed an Ex Parte Application for Order to Remand Unlawful Detainer to State Court ("Application") [Dkt. No. 7],

The removing defendant bears the burden of establishing federal jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).  A review of the Notice of Removal and state court Complaint demonstrates the court lacks subject matter jurisdiction over the action.

Removal is not warranted.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship[1], federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted).  Here, federal question jurisdiction is lacking because the Complaint does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "Because landlord-tenant disputes are matters of state law, an action

---

[1] The Complaint states that both Plaintiff and Defendant are citizens of California, so no diversity of citizenship exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-10284-HDV-ADSx                                    Date: December 15, 2023

Title     *511 S Park View, Inc. v. Jennifer Vargas*

for eviction cannot be the basis for federal question jurisdiction." *Round Valley Indian Housing Authority v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) (citing *Powers v. United States Postal Service*, 71 F.2d 1041, 1045 (7th Cir. 1982) ("Federal common law of landlord and tenant does not exist.")).

Accordingly, the Court *sua sponte* grants Plaintiff's Application, and the action is remanded to the state court.

**IT IS SO ORDERED.**